IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISAAC REYES MEDINA,

    Petitioner,      No. CIV S-08-0352 JAM EFB P

    vs.

M.D. McDONALD, et al.,    FINDINGS AND RECOMMENDATIONS

    Respondents.
_____/

  Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss on the grounds that the Court lacks jurisdiction, that petitioner failed to exhaust his state judicial remedies, and that petitioner's claims have been procedurally defaulted. For the reasons explained, the Court lacks jurisdiction over the petition and the motion must be granted.

**I. Background**

  On February 23, 2007, prison authorities found petitioner guilty of participating in gang-related mass disturbance. Resp.'s Mot. to Dism., Ex. C. He was assessed 90 days loss of credits, 90 days loss of yard access, 90 days loss of canteen privileges, and was counseled, reprimanded, and advised of future behavior expectations. *Id*. By the instant habeas corpus petition, filed February 15, 2008, he seeks to have the disciplinary finding expunged from his file and the 90

1

days of forfeited credits restored. Pet. at 37.[1] However, respondent has submitted a document showing that prison authorities restored the 90 days of forfeited credits on November 27, 2007. Resp.'s Mot. to Dism., Ex. D. Petitioner also challenges his alleged validation as a member of the "Mesa" or "Mexican Mafia" gangs and the findings in the disciplinary proceeding that he participated in the mass disturbance for gang-related reasons. Pet. at 4 & 37.

## II.   Jurisdiction

Respondent moves, pursuant to 22 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases ("Rule 4"), for dismissal on the ground that this Court lacks jurisdiction over the petition.[2] Rule 4 provides for dismissal of a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." As a corollary to that rule, the Court may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same grounds. *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for state procedural default).

A habeas petition is generally the proper means for an inmate to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 474, 485-86 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 78-79. Conversely, a habeas petition is not proper when the claims asserted do not implicate the fact or duration of confinement. *Ramirez v. Galaza*, 334 F.3d 850, 859 . Thus, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action

---

[1] The pages of the petition are not consecutively numbered and supporting documents interspersed in the petition have not been marked as exhibits; citations herein are to page numbers counted by hand beginning with the first page of the petition.

[2] Although difficult to make out, it appears that petitioner may claim that respondent's motion is untimely per the Court's May 12, 2009 order directing respondent to file a responsive pleading in 60 days. *See* Pet'r's "Notice of Reply, Allusion to Governing Application and Action Requested. . . ." (hereafter "Pet'r's Reply") at 1-2. The motion was timely filed, however, on July 13, 2009 (May 12th + 60 days = July 11th, a Saturday, so the motion was due the following Monday, the 13th).

proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Id.*

Here, all of petitioner's claims arise from the disciplinary hearing held on February 23, 2007 and his alleged gang validation made prior to the hearing. He does not challenge the fact of his confinement but merely certain disciplinary findings. Pet. at 1-5, 32-42 (alleging that prison officials violated petitioner's due process in their proceedings to validate him as a member of the Mexican Mafia and by finding that his participation in the mass disturbance was gang-related). Petitioner does not dispute that the length of his incarceration is unaffected by those disciplinary findings, however, because all of his lost credit was subsequently restored. *See* Pet'r's Reply at 2 ("[A]lthough respondent doesn't deem the merits to petitioner's application beyond [the] 90 days [credit forfeiture] significant, petitioner feels otherwise.") Because Petitioner has no lost credit to reclaim, he cannot shorten the duration of his sentence by the instant petition. Accordingly, the petition does not challenge the fact or duration of petitioner's confinement, and this Court lacks habeas jurisdiction over the petition under *Ramirez*.

### III. Exhaustion and Procedural Default

Having determined that the Court is without jurisdiction over the petition, the Court need not address respondent's remaining arguments that petitioner has failed to exhaust his state judicial remedies and that the claims in the petition have been procedurally defaulted.

### IV. Conclusion

The Court finds that it lacks jurisdiction over petitioner's request for a writ of habeas corpus. As the credit forfeiture initially assessed against petitioner has been withdrawn, the disciplinary findings petitioner challenges in the instant petition do not affect the legality or duration of his confinement. Habeas jurisdiction is therefore absent, and respondent's motion must be granted.

////

3

1      Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ
2 of habeas corpus be dismissed and the Clerk be directed to close the case.
3      These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
8 within the specified time may waive the right to appeal the District Court's order. *Turner v.
9 Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In
10 his objections petitioner may address whether a certificate of appealability should issue in the
11 event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing
12 Section 2254 Cases (the district court must issue or deny a certificate of appealability when it
13 enters a final order adverse to the applicant).
14 DATED: January 22, 2010.

_[signature]_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4